United States District Court
Southern District of Texas
ENTERED
September 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANA RIVERA NUNEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5428 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Diana Rivera Nunez ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2003.[1] On June 27, 2026, Petitioner was taken into immigration custody and was served with a Notice to Appear, charging her with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[2] Petitioner remains in immigration custody.[3]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process.[4] Also pending before the

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 5; Notice to Appear, Exhibit 1 to Motion to Stay and, in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5-1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, p. 1.

[3]Respondents' MSJ, Docket Entry No. 5, p. 2.

[4]Habeas Petition, Docket Entry No. 1, pp. 7–9 ¶¶ 23–30. Petitioner argues that she is entitled to a bond hearing based on the Fifth Circuit's recent opinion in Rodriguez v. Ortega, No. 26-50183, 2026 WL 1906557 (5th Cir. Jul. 2, 2026). Petitioner's Notice of Supplemental Authority, Docket (continued...)

court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention does not violate due process because she is legally detained under § 1225(b)(2) as an applicant for admission.[5] Petitioner has filed a response.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez, 166 F.4th at 498, 502. This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

---

[4](...continued)
Entry No. 10, p. 1. However, that opinion has been vacated. Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026).

[5]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

[6]Petitioner's Response in Opposition to Respondent's Motion to Stay, and in the Alternative, Motion to Dismiss and/or for Summary Judgment, Docket Entry No. 6.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 2nd day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE